IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOHNNIE MAE SAWYER, as Daughter and Administrator of the Estate of ARTHUR WATERS, deceased,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SYLVIA COLLINS, BOBBY SANDERS, and JAMES HOOD,** )<br>)<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION NO. 2:12-0020-KD-M** |

## ORDER

This action is before the Court on the motion for leave to amend complaint filed by plaintiff Johnnie Mae Sawyer as the Administrator of the Estate of Arthur Waters, deceased (doc. 32) and the response filed by defendants Sylvia Collins, Bobby Sanders, and James Hood (doc. 35). Upon consideration and for the reasons set forth herein, the motion is **GRANTED and Sawyer shall file her amended complaint on or before July 24, 2012.**

Sawyer moves the Court for leave to amend her complaint to add common law negligence claims against two defendants, to clarify the existing allegations of fact, and to assert previously unknown factual allegations. Sawyer argues that she sought leave to amend as soon as she received the additional information, that no scheduling order has been entered, and therefore no party will be prejudiced nor will the amendment hamper the Court's administration. Defendants do not oppose Sawyer's motion.

The Federal Rules state, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Defendants do not oppose the

motion.  However, offering no opposition may not be the same as giving "written consent." Therefore, the Court will determine whether justice requires that leave to amend be given.

"A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (brackets in original) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

In *Foman,* the Supreme Court explained that leave should be given "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief." *Foman*, 371 U.S. at 182.  Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001);  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") Moreover, the federal rules favor allowing amendments. *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

At present, Sawyer's complaint alleges violation of the constitutional right to be free from cruel and unusual punishment under the 8th Amendment and is brought pursuant to 42 U.S.C. § 1982.  Sawyer alleges that the defendants were deliberately indifferent to the serious

medical needs of the decedent Arthur Waters.  Defendants filed a motion to dismiss on the basis of qualified immunity but have not yet answered the complaint.  The preliminary scheduling order has not been entered and thus the Rule 16(b) Scheduling Order has not been entered.  Therefore, Sawyer's motion for leave to amend has been filed before any deadline for amendment of pleadings.

Also, since the Rule 16(b) Scheduling Order has not been entered, the parties will have sufficient time to conduct discovery regarding the issues raised in the amendments to the complaint such that there is no undue prejudice to the defendants.  Discovery may "disclose more precisely the basis of both claim and defense" and "define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).  Overall, the docket does not indicate that Sawyer has engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. Defendants have not raised any argument that amending the complaint would be futile.  Accordingly, the Court finds that there is no substantial reason to deny leave to amend and therefore, the motion for leave to amend is due to be granted.

**DONE** this the 13th day of July, 2012.

                                                   s/ Kristi K. DuBose
                                                   KRISTI K. DuBOSE
                                                   UNITED STATES DISTRICT JUDGE