IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE SAWYER, as daughter and Administrator of the Estate of Arthur Waters, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>SYLVIA COLLINS, BOBBY SANDERS, and JAMES HOOD,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:12-0020-KD-M<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

This action is before the Court on the Report and Recommendation of the Magistrate Judge on the motion to dismiss filed by defendants Sylvia Collins, Bobby Sanders and James Hood. (Docs. 40-41, 56-57, 61) Among the grounds for dismissal, defendants Collins and Sanders argue that the Alabama Legislature passed certain laws in 2011 that provide them with immunity and therefore, deprive this Court of subject-matter jurisdiction over plaintiff's state law claims against them. The statutes state as follows.

> The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.

Ala. Code. § 14-6-1 (1975) (effective June 14, 2011) (2011 Ala. Acts 2011-685, p. 2067, §1).

Any of the duties of the sheriff set out in subsection (a) or as otherwise provided

>by law may be carried out by deputies, reserve deputies, and persons employed as authorized in Section 14-6-1 as determined appropriate by the sheriff in accordance with state law. Persons undertaking such duties for and under the direction and supervision of the sheriff shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law.

Ala. Code § 36-22-3(b) (1975) (effective June 14, 2011) (2011 Ala. Acts 2011-685, p. 2067, §§ 1, 2).

These statutes both state that persons acting or undertaking duties under the "direction and supervision" of the Sheriff "shall be entitled to the same immunities and legal protections granted to the sheriff" so long as the person is "acting within the line and scope" of their duties and are "acting in compliance with the law". *Id.* The first requirement – acting within the line and scope of their duties – is the same requirement for a sheriff to receive immunity. However, there does not appear to be any requirement under Alabama law that requires a sheriff to act "in compliance with the law" in order to receive immunity. The meaning of the requirement that a jailer must act "in compliance with the law" in order to receive immunity has not been addressed by the state court.

"When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law." *Forgione v. Dennis Pirtle Agency, Inc.*, 93 F. 3d 758, 761 (11th Cir. 1996); *Union Planters Bank, N.A. v. New York*, 436 F.3d 1305, 1306 (11th Cir. 2006) ("Where there is doubt in the interpretation of state law, a federal court may certify the question to the state supreme court to avoid making unnecessary *Erie* guesses and to offer the state court the opportunity to interpret or change existing law.")  "Only through certification can federal courts

2

get definitive answers to unsettled state law questions. Only a state supreme court can provide what we can be assured are 'correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law." *Forgione*, 93 F. 3d at 761.

Accordingly, the following question is certified to the Alabama Supreme Court:

Alabama Code § 14-6-1 provides that persons, such as jail employees, who act or undertake duties at the direction and supervision of the sheriff are immune from state law claims to the same extent as a Sheriff "as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law".  How should this court interpret "acting in compliance with the law" in order to not render the grant of immunity meaningless or the phrase superfluous? Specifically, what "law" is encompassed by the requirement that a jail employee act in compliance with the law?

**DONE** and **ORDERED** this 5th day of December, 2012.

                                         s/Kristi K. DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**