IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE MAE SAWYER, as Daughter and Administrator of the Estate of ARTHUR WATERS, deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 2:12-0020-KD-M |
| SYLVIA COLLINS, BOBBY SANDERS, and JAMES HOOD, ) ) ) ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on Plaintiff's motion to alter, amend or vacate (doc. 170). Plaintiff moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to vacate the decision to grant summary judgment in favor of Defendants. Upon consideration, and for the reasons set forth herein, the motion is DENIED.

On February 25, 2014, the Defendants' motion for summary judgment was granted. (Doc. 168) Judgment was entered in favor of Defendants as to Plaintiff's claim for wrongful death brought pursuant to 42 U.S.C. § 1983 and the state law claims were dismissed without prejudice. (Doc. 169) Plaintiff timely filed a motion to alter, amend or vacate the Court's decision as to the wrongful death claim. (Doc. 170)

"There are only two grounds for granting a Rule 59(e) motion for reconsideration: (1) 'newly-discovered evidence'; or (2) correcting 'manifest errors of law or fact.'"*Caraway v. Secretary, U.S. Dept. of Transp.*, - - - Fed. Appx. - - -,2013 WL 6570942, *6 (11th Cir. Dec. 16, 2013) (quoting *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007) (internal quotation marks omitted). "Rule 59(e) is not an appropriate vehicle to 'relitigate old matters, raise argument or

present evidence that could have been raised prior to the entry of judgment.'" *Frantz v. Walled*, 513 Fed.Appx. 815, 822 (11th Cir. 2013) (citing *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir.2005)).

Plaintiff argues that some of her most compelling arguments were mistakenly overlooked by the Court and asks the Court to revisit its decision. In sum, Plaintiff argues that there is sufficient circumstantial and direct evidence from which a jury could find that the Defendants were subjectively aware of Arthur Waters' serious medical condition, but were deliberately indifferent to his condition by conduct that was more than gross negligence.

The Court finds that the arguments were either raised and considered or could have been raised in Plaintiff's response to the Defendants' motion for summary judgment. Rule 59(e) is not an appropriate vehicle to relitigate old issues or raise arguments in support that could have been raised before judgment was entered. *Frantz*, 513 Fed.Appx.at 822 (citation omitted).

**DONE** this the 18th day of April 2014.

                                                                s/ Kristi K. DuBose
                                                                KRISTI K. DuBOSE
                                                                UNITED STATES DISTRICT JUDGE